## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDHU BALJINDER SINGH, | Civil Action No. 14-1113 (WJM) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**MARTINI, District Judge**:

1.    On February 19, 2014, Sandhu Baljinder Singh, a native and citizen of India, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention since August 15, 2013, at Essex County Correctional Facility in New Jersey by the Department of Homeland Security ("DHS").   He asserts that he entered the United States without inspection in June 1996; on December 17, 2003, an Immigration Judge ordered his removal in absentia; he has been detained by DHS since August 15, 2013.   He argues that his prolonged detention without a hearing to determine whether his detention is necessary is not authorized by statute and violates his right to due process of law.

2.    This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights.   *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

3.    In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), *see* 28 U.S.C. § 2254 Rules 1(b), this Court has screened the Petition

for dismissal.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  For the reasons explained below, this Court will summarily dismiss the Petition because Singh has not alleged facts showing that there is "good reason to believe that there is no significant likelihood of removal [to India] in the reasonably foreseeable future," as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

4.   As Singh does not assert that his removal proceeding was reopened or that his December 17, 2003, removal order is not otherwise final, it appears from the face of the Petition that Singh's order of removal is final.

5.   Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")  8 U.S.C. § 1231(a)(1)(A).  Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period.  *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").  This 90-day removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

6.   If DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien.   *See* 8 U.S.C. § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).")

7.   The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."   *Zadvydas*, 533 U.S. at 689.   To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701.

8.   To state a claim under § 2241, the alien assert facts showing that he has been detained for more than six months and that there is no significant likelihood of removal in the reasonably foreseeable future.   *See Zadvydas*, 533 U.S. at 701.   Specifically, the Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.   And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.   This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.   To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

9.   In this Petition, Singh asserts that an Immigration Judge ordered his removal on December 17, 2003, and that he has been in immigration custody since August 15, 20113.   Under

these circumstances, the six-month presumptively reasonable period of post-removal-period detention began on August 15, 2013, and did not expire until February 15, 2014.   The defect in Singh's Petition is that he does not provide any facts indicating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; in the absence of such facts, *Zadvydas* does not require the government to respond with facts to rebut that showing.   *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .   Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).   In the absence of facts showing that there is good reason to believe that there is no significant likelihood of Singh's removal in the reasonably foreseeable future, his detention remains authorized by 8 U.S.C. 1231(a)(6).

10.   Singh also argues that DHS violated his due process rights by failing to give him a hearing.   This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future.   *Zadvydas*, 533 U.S. at 701.[1]

---

[1] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a

11.   The instant Petition must be dismissed because Singh "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 F. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here."); *Soberanes v. Comfort*, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").   The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Singh can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[2]

12.   An appropriate Order accompanies this Memorandum Opinion.

---

bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

[2] Alternatively, if Singh has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request.   *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.   The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")

William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: February 26, 2014